[Criminal No. 496.   Filed November 3, 1920.]

[192 Pac. 1071.]

# CHARLEY CLINE and EDGAR E. McLANE, Appellants, v. STATE, Respondent.

1. CRIMINAL LAW—EVIDENCE NEED NOT SHOW WHICH DEFENDANT WAS PRINCIPAL AND WHICH ACCOMPLICE.—In view of Penal Code of 1913, section 27, it is not ground for reversal of a conviction of burglary that the Supreme Court is unable to ascertain from the evidence which of the two defendants actually committed the offense and which was an accomplice, since the law makes no distinction and both may be convicted as principals.

2. CRIMINAL LAW—JURY'S DETERMINATION WHETHER BOTH DEFENDANTS PARTICIPATED IN BURGLARY NOT REVIEWABLE.—The burden was on the jury as reasonable men to determine from all the evidence whether or not both defendants participated in the burglary, and where the evidence was wholly circumstantial the Supreme Court is not required to explain the process by which the jury arrived at their determination.

3. INDICTMENT AND INFORMATION—ON CHARGE OF BURGLARY, CONVICTION MAY BE HAD IN EITHER FIRST OR SECOND DEGREE.—Where the information simply charges burglary, the defendant may be convicted of burglary in either the first or second degree.

4. BURGLARY—PROOF FROM POSSESSION OF PROPERTY.—Where defendants had possession of a suit of clothes stolen at the time of and in connection with the burglary, such testimony, tending to prove the larceny, also tended to prove the burglary, and the objection that the prosecution failed to prove an entry and specific intent is without merit; the accomplishment of the larceny in connection with the burglary being proof of the specific intent to commit larceny in the entry of the premises burglarized.

5. WITNESSES—CROSS-EXAMINATION AS TO POSSESSION OF SKELETON KEYS HELD PROPER.—In a prosecution for burglary, where keys were found in defendant's suitcase, and he was asked by the county attorney what he was doing with them, the court's ruling that, where defendant denied a thing, he could be quizzed about anything that would help to determine it, *held* not subject to the objection that defendant was cross-examined to greater extent than direct examination and upon new matter; skeleton keys being useful to persons of a burglarious turn of mind.

4. Possession of stolen property as evidence of burglary, see note in 19 Ann. Cas. 1281.

6. CRIMINAL LAW—QUESTION ASKED DEFENDANT CONCERNING SKELETON KEYS, OF WHICH HE DENIED KNOWLEDGE, HELD NOT INJURIOUS.— In a prosecution for burglary, if questions asked defendant on cross-examination as to keys found in his suitcase were improper, the defendant was not injured, where he denied all knowledge of the keys.

7. BURGLARY—SEVEN TO TEN YEARS' IMPRISONMENT HELD NOT EXCESSIVE.—Penal Code of Arizona of 1913, section 461, fixes punishment for burglary in first degree at not less than one year nor more than fifteen years in the state prison, so that a judgment imposing not less than seven nor more than ten years' imprisonment is not excessive.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. Weldon J. Bailey, for Appellants.

Mr. Wiley E. Jones, Attorney General, and Mr. C. M. Gandy, Mr. Alexander B. Baker, Mr. Louis J. Hart, and Mr. F. J. K. McBride, Assistant Attorneys General, for the State.

CUNNINGHAM, C. J.—The appellants were jointly charged with the commission of the crime of burglary, by information duly filed. A trial resulted in separate verdicts of guilty of burglary of the first degree. The sentence and judgment fixed the punishment of each at confinement in the state prison for a term of not less than seven years and not more than ten years, beginning on the fifth day of December, 1919. From such judgments, the defendants have appealed.

The appellants assign as error: First, that the verdict and judgment are contrary to law and evidence in six specified particulars; second, that the court failed to limit the cross-examination to matters involved in the direct examination; and, third that the terms of imprisonment fixed by the court are excessive.

---

7. What constitutes cruel and unusual punishment for burglary is noted in 19 Ann. Cas. 728.

The appellants specify that the evidence fails to make clear which of the two persons charged did or could have committed the burglary. The answer is that, while the evidence is not as full on these matters as might be desired, yet there appears in the testimony many facts and circumstances which, when considered together, amply support the verdicts of guilty against both defendants. The burden was on the jury, as reasonable men, to determine from all of the evidence in the case whether or not both defendants participated in the burglary. The evidence is wholly circumstantial in the matter of connecting each defendant with the commission of the burglary.

We are not required to explain the process by which the jury arrived at their determination. However, it is no ground for the reversal of a judgment because we are unable to ascertain from the evidence which of the two defendants actively committed the offense and which of the two defendants was the accomplice in fact—the law makes no distinction. Section 27, Pen. Code Ariz. 1913. Both are principals and may be convicted as such. We have considered the matter of the explanation offered by defendants of their possession of the stolen property. This statement and the other facts in evidence are of sufficient importance to show that the jury were correct in disbelieving the explanation offered. The verdict and judgment are not contrary to the evidence, but they are sustained by the evidence.

The complaint is made that the information does not charge burglary of the first degree—the offense of which the appellants stand convicted. The information simply charges burglary generally. In *Vincent* v. *State*, 16 Ariz. 297, 145 Pac. 241, we considered this question. We said:

" . . . The information, however, charges burglary in general terms. Under that charge the defendant may be convicted of burglary of the first degree, if

the evidence warrants it; or he may be convicted of burglary of the second degree, if the evidence warrants it. The information as filed will support a conviction of burglary of either the first or of the second degree.''

This language is equally applicable to the information in this case.

The objections, viz., that the prosecution failed to prove an entry and failed to prove the specific intent charged, are without merit. In *Taylor* v. *Territory,* 7 Ariz. 234, 64 Pac. 423, the court said:

''The possession of stolen goods by the accused recently after the larceny, if unexplained [or if the explanation is disbelieved by the jury] is a circumstance from which the jury may infer his complicity in the larceny. Its value as evidence, however, is to be determined by them alone. In determining the weight to be attached to this circumstance as evidence tending to prove guilt the jury should take into consideration all the facts and circumstances connected with such possession, and their relation to the other proofs in the case''

—including the explanation accounting for the possession of the property stolen. The suit of clothes having been stolen at the time of and in connection with the burglary, testimony which tended to prove the larceny would also tend to prove the commission of the burglary. The accomplishment of the larceny in connection with the burglary is proof of the specific intent to commit larceny, in the entry of the premises burglarized; the purpose of the burglary was to steal, is the inevitable conclusion.

The appellants raise objections to the rulings of the court in the manner of conducting the cross-examination of the defendants as witnesses in their own behalf. An objection of the defendants' counsel was sustained by the court to one of the questions asked, and of which complaint is made. The appellants have no grounds for complaint in such state of facts. The

evidence is that keys were found in the suitcase claimed by one of the appellants. On cross-examination the county attorney asked the defendant claiming ownership of the suitcase: "What were you doing with those other keys in your suitcase?" The objection was made and overruled, and the court commented upon the extent of the application of the rule by saying, in ruling:

"Where one denies a thing, they can quiz them about anything that will help determine it."

The appellants claim that this ruling permitted defendant to be cross-examined to a greater extent than the direct examination, and upon new matter, not involved in the direct examination. We do not so understand the ruling. The defendant claimed the suitcase, and it was proper, legitimate cross-examination to inquire into the owner's intention and purpose of having door keys in the suitcase. Skeleton keys are said to be useful to persons of burglarious turn of mind, and may be used by them for the purpose of unlawful entry to a bedroom. The witness denied all knowledge of the keys in question, and hence was not required to explain further as to his purpose in having the keys in his suitcase. If the cross-examination exceeded the rule in such matters, the defendant was not injured, for the reason that he denied all knowledge of the keys.

The appellants assign as error the excessive term of punishment imposed—from seven to ten years' imprisonment. Section 461, Penal Code of Arizona of 1913, fixes the punishment for burglary of the first degree at not less than one year nor more than fifteen years' imprisonment in the state prison. The term fixed in the judgment is well within the limits fixed by the statute and will not be revised by this court.

We find no reversible error in the record, and therefore affirm the judgment.

ROSS and BAKER, JJ., concur.