[Criminal No. 920. Filed October 13, 1942.]

[129 Pac. (2d) 923.]

STATE OF ARIZONA, Appellee, v. FRANK SANCHEZ and GEORGE EREDIA, Appellants.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Appellee.

Mr. Greg Garcia, for Appellants.

ROSS, J.—Frank Sanchez and George Eredia were jointly informed against for the crime of rape, jointly tried and convicted, and have appealed to this court.

The assignments of error, four in number, are all directed at the rulings of the court in the course of the trial and at the court's order overruling appellants' motion for "a new trial because of the passion and prejudice of the trial jury." The assignments are as follows:

"1. The court erred in refusing to grant a severance in the trial of this case.

"2. The court erred in admitting in evidence a certain confession made by George Eredia, one of the defendants herein, over the objection of the defendants.

"3. The court erred in refusing to admit the transcript of the testimony of the preliminary hearing in evidence.

"4. The court erred in refusing to grant defendant's motion for a new trial because of the passion and prejudice of the trial jury."

We consider these assignments in their order.

The new rules of criminal procedure (section 44-1806, Arizona Code 1939) provide that defendants jointly charged shall be tried jointly, "unless the court in its discretion on the motion of the county attorney or any defendant orders separate trials."

The court's minute entry of October 31, 1941, shows that defendant George Eredia moved that he "be given a separate trial," which is the only record of any such motion. Sanchez made no motion for a separate trial. While the court's ruling was correct under any view taken, certainly Sanchez cannot complain since he asked for no separate trial. He seems to be the only one now complaining of the court's ruling.

As to the next assignment, it is obviously insufficient so far as Eredia is concerned. It admits he made "a confession." Examination of the evidence shows that such confession was voluntarily made, under no compulsion or promise of leniency, and was to the effect that he had had carnal knowledge of the complaining witness against her consent as charged in the information. Such confession, of course, was competent evidence of Eredia's guilt and was properly admitted as to him. The confession was not competent as against his codefendant Sanchez and it was not offered or admitted as evidence against Sanchez. The confessions (there were two) were offered by the prosecution "as against George Eredia alone," and, upon objection that they were inadmissible for any purpose, the court said: "They may be admitted. I understand they are offered as against Eredia alone." And again the court said, addressing the county attorney:

"Before you rest I think I should instruct the jury that these exhibits six and seven (Eredia's confessions) were offered only as against the defendant

George Eredia and should be considered as evidence against him only.''

The court in its general instructions further told the jury the confessions of Eredia were evidence against him alone, and not against Sanchez. The confessions, it is seen, were properly limited by the court's rulings and instructions. That no error was committed in these respects is, we think, clearly shown by the following authorities: *State* v. *MacLaren,* 115 Or. 505, 237 Pac. 969; *State* v. *Kirkland,* 175 N. C. 770, 94 S. E. 725; *Lindsey* v. *State,* 201 Ark. 87, 143 S. W. (2d) 573; *United States* v. *Newhoff,* 2 Cir., 83 Fed. (2d) 942; *Brooks* v. *United States,* 9 Cir., 8 Fed. (2d) 593.

The third assignment is so general as not to require consideration. The court's ruling therein challenged might possibly have been erroneous, but the assignment fails to show wherein it was so. The real facts about this assignment seem to be that defendant's attorney offered in evidence all of the testimony taken at the preliminary hearing and the court stated: ''It (the offer) will be denied at this time.'' Counsel took no exception to the court's ruling nor did he later offer the transcript of the testimony of the preliminary hearing; and, if he had, his offer should have designated what portion thereof he deemed material to his defense.

While the appellants in their fourth assignment assert that the jury was prejudiced and acted with passion, we are not advised wherein this charge is proved except from the fact that the jury found them guilty. We have carefully read the testimony of all the witnesses and are satisfied the verdict of the jury is fully supported by the evidence, and that no error was committed by the court in the trial of the case nor in its rulings upon the admission or exclusion of evidence.

The judgment of the lower court is therefore affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.