Nolan and Guthrie *v.* State.

4278                                            167 S. W. 2d 503

Opinion delivered January 18, 1943.

104

*W. F. Reeves,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McFADDIN, J. Appellants were convicted of the crime of arson and have appealed. The barn of Mrs. Mary Massey was destroyed by fire about two-thirty, Sunday morning, April 19, 1942. The next day tracks were found leading from the highway to the barn lot and then back to the highway. Jason Nolan's shoes were fitted into these tracks, and he admitted that the shoes were his and that he wore them the night of the fire. At the trial of the case, Nolan's alleged confession was introduced. While the appellants were in jail, a dictaphone was secretly installed; and witnesses who listened testified to the secret conversation between the two appellants involving, among other matters, a statement that Nolan would confess and that Guthrie would try to get him off easy. Other facts appear hereinafter.

We discuss separately the appeal of each appellant.

## I. Nolan's Appeal

Appellant Nolan contended that his confession was not freely and voluntarily given, and that the trial court erred in admitting it in evidence. When the confession was offered by the State, the question of its admissibility was heard by the court in the absence of the jury, and forty pages of the transcript are devoted to this evidence. Then the trial court admitted the confession in evidence, but cautioned the jury in part: "In this case at bar, here is the usual and ordinary conflict in the testimony where defendant repudiates or undertakes to repudiate an alleged confession. . . . The court is not presuming to pass on the testimony or credibility of the witnesses. That is what we have a jury for. Therefore, the court is ruling that it is a matter for the jury; and whether or not this confession is freely and voluntarily made will be submitted to the jury." Then there was an instruction to the same effect along with the other instructions. Thus the learned trial court followed

the practice approved by this court in a number of cases, and there was no error in admitting the confession. *Charles* v. *State*, 198 Ark. 1154, 133 S. W. 2d 26; *Brown* v. *State*, 198 Ark. 920, 132 S. W. 2d 15; *Hendrix* v. *State*, 200 Ark. 973, 141 S. W. 2d 852.

The confession, coupled with the proof of the tracks and the other evidence, was sufficient to support the conviction. *Graham* v. *State*, 202 Ark. 981, 154 S. W. 2d 584. The admission of the testimony about the tracks in question was entirely proper because appellant's shoes were found in his home and fitted into the tracks, and appellant admitted that they were his shoes and that he was wearing them the night that the barn was burned. *Hendrix* v. *State, supra.* See, also, *Penton* v. *State*, 194 Ark. 503, 109 S. W. 2d 131.

We, therefore, conclude that there was ample evidence to sustain Nolan's conviction, and, as no error appears, the case against him is affirmed.

## II. Guthrie's Appeal

The appellant, Carolus Guthrie, urges (1) that his motion for severance should have been granted, and (2) that the admission of the Nolan confession was fatally prejudicial to him, and (3) that there was not sufficient evidence to sustain his conviction.

■ The severance question. — Appellant Guthrie moved the court to allow him a separate trial, and this was overruled, and the action of the court is assigned as error. Prior to the adoption of initiated Act No. 3 of 1936 (Acts of 1937 p. 1384), a defendant jointly indicted with another was entitled to a severance as a matter of right; but since the adoption of the said initiated Act, the granting of a severance is within the sound discretion of the trial court. Section 3976 of Pope's Digest. No evidence appears in this record which would indicate that the trial court abused its discretion in refusing Guthrie's motion for severance.

This same question was before this court in the case of *Bennett and Holiman* v. *State*, 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908; and immediately following the

report of the case in A. L. R. there is an annotation on the question. Every argument advanced for a severance in the case at bar was advanced and considered by this court in the Bennett case.

■ The matter of the confession.—Appellant Guthrie contends that when the alleged confession against Nolan was introduced, the jury, by reason of human nature, would consider it as evidence against Guthrie, and that no cautionary instruction of the court could cure this situation. A similar contention was unsuccessfully made in the case of *Lindsey* v. *State,* 201 Ark. 87, 143 S. W. 2d 573, and disposed of in the following language: "It is argued that the jury could not consider the confessions for any purpose without considering them against appellant. But this does not necessarily follow. The jury was told to do so, and we perceive no reason why they may not have done it. The jury might well have asked, in their deliberations, and have answered the question, whether, aside from the confessions, there was evidence of appellant's participation in the crime. This they were required under the instructions to do before finding appellant guilty, and we conclude there was no error in the instruction. *Johnson* v. *United States,* 82 Fed. 2d 500; *State of New Jersey* v. *Dolbow,* 117 N. J. L. 560, 189 Atl. 915, 109 A. L. R. 1488." The record shows that before the confession was introduced in evidence, Carolus Guthrie's attorney requested the court as follows: "If the court please, I call the court's attention now to the fact that there is some reference to my client, Carolus Guthrie, in that confession; and I want the court to admonish the jury that they cannot consider anything in that alleged confession with reference to the guilt or innocence of the defendant, Carolus Guthrie." The court immediately granted the request and stated to the jury without objection of anyone, the following: "The point is well taken, Mr. Reeves. There will be, Gentlemen, I presume, an alleged confession made by the defendant, Jason Nolan, introduced. There are two parties on trial in this case. The court warns and cautions and admonishes the jury in advance that nothing said in this alleged

or purported confession by Jason Nolan—nothing said in this alleged confession will have any bearing whatsoever in the case as against the defendant Guthrie. You are warned in time so that whatever confession, if any, should be made or has been made by Nolan will not be considered by you in any particular whatsoever if made in Guthrie's absence.''

Then at the conclusion of all the testimony, the court gave Carolus Guthrie's instruction No. 2, telling the jury that nothing in the confession would be considered by the jury concerning the guilt or innocence of Carolus Guthrie.

We, therefore, conclude that there is no merit in appellant Guthrie's contention about the admission of the confession being fatally prejudicial to him.

■ The sufficiency of the evidence.—Finally appellant Guthrie insists that there was not sufficient evidence to take the case to the jury on the question of his guilt. We find that this contention is not well taken. Witnesses testified that in the whispered conversation in the jail the two appellants discussed the plan to let Nolan confess and Guthrie to try to get him off; and that they also discussed the number of animals that were in the barn at the time it was destroyed by fire; and that they also discussed whether or not they had met Mary Massey on the road; and that they expressed doubt as to whether or not they would receive the $50 that they were to be paid for burning the barn. The testimony that Nolan and Guthrie were to receive $50 for burning the barn shows motive and intention and is a circumstance to show malice. Mrs. Mary Massey testified that while she was driving to the barn as it was burning she met the defendant Carolus Guthrie driving his car away from the scene of the fire.

Thus, there was sufficient evidence to take the case to the jury over the appellant Guthrie's contention of an alibi and his contention that if he was seen driving away from the fire he was at most an innocent drunken driver who had taken Nolan out to look for some whiskey. In the case of *London* v. *State,* 204 Ark. 767, 164

S. W. 2d 988, and also in the case of *Lindsey* v. *State*, 201 Ark. 87, 143 S. W. 2d 573, a driver of a car made the same contention that Guthrie is making in the case at bar (that he was only an innocent driver of a car); but this court held that driving the car, together with the other facts and circumstances shown in evidence was sufficient to take the case to the jury.

It, therefore, follows that the judgment against Nolan and the judgment against Guthrie must each be affirmed, and it is so ordered.