[Criminal No. 933.   Filed April 12, 1943.]

[135 Pac. (2d) 879.]

THE STATE OF ARIZONA, Appellee, v. THOMAS JEFFERSON SMITH, Appellant.

Mr. Joe Conway, Attorney General, and Mr. Cecil A. Edwards, Assistant Attorney General, for Appellee.

Mr. Terrence A. Carson and Mr. John W. Rood, for Appellant.

ROSS, J.—The defendant Thomas Jefferson Smith and one William O. Titus were jointly informed against by the County Attorney of Maricopa County (1) of attempted grand theft and (2) of grand theft, alleged to have been committed on or about March 23, 1942. In another information they were jointly charged in four counts with four different conspiracies to obtain money and property by false pretenses, and in one count of the crime of extortion, all between February 15 and March 19, 1942. The extortion count was later dismissed.

The defendants were tried together before a jury and a verdict of guilty was returned. Only Smith has appealed from the sentence imposed by the court.

The sufficiency of the informations to state the public offenses charged, or of the evidence to support the verdicts and judgments, is not questioned by appellant. However, he complains of many errors during the trial, the first being that his request for a separate trial should have been granted. As the law is now, defendants jointly charged with the commission of a crime are not of right entitled to have separate trials. Section 44–1806, Arizona Code 1939, provides that defendants

jointly charged "shall be tried jointly" unless on motion of the county attorney or a defendant the court in its discretion rules otherwise. Under this provision, the trial court's ruling was not error. *State* v. *Sanchez,* 59 Ariz. 426, 129 Pac. (2d) 923.

██ It is next complained that statements and admissions of appellant's codefendant Titus were wrongfully admitted in evidence. Just what statements or admissions were thus admitted in evidence appellant fails to point out and consequently we cannot tell whether it was error to admit them. Admissions of co-conspirators made after the conspiracy has been established are competent evidence against all of the conspirators. 11 American Jurisprudence 571, section 40. That there was a conspiracy between these two defendants to extract unlawfully from some 63 Japanese families, located in the vicinity of Phoenix, the sum of $50 for each family on a false promise to them that they would not be evacuated, there is no doubt. Also, the defendants sought to obtain "hush money" from a negro woman, who recently lost her husband in an accident, by representing to her that she was going to be picked up, possibly on a murder charge, and that it would "cost a little something" to "square" the matter. So we say before we can pass on this claimed error the evidence would have to be called to our attention.

Other assignments of error are without merit, so we do not state or discuss them.

The judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.