336 P.2d 151

STATE of Arizona, Appellee,

v.

Raymond ROBERTS, Appellant.

No. 1125.

Supreme Court of Arizona.

March 5, 1959.

W. E. Ferguson, Holbrook, and Fred O. Wilson, Show Low, for appellant.

Robert Morrison, Atty. Gen., Edwin R. Powell, County Atty. of Navajo County, Holbrook, for appellee.

BERNSTEIN, Justice.

Appellant Raymond Roberts was tried and convicted, together with one Spencer Wyrick, of the crime of robbery from the person of one D. K. Lester, and Roberts appeals essentially on the ground that the probative evidence is not sufficient to sustain the conviction.

Appellant's argument is based on his view that the evidence showed only that he was present while Wyrick committed the robbery. If that were all, the proof might indeed be insufficient, as consistent with innocence as with guilt. Cf. Acker v. State, 26 Ariz. 372, 379, 226 P. 199, 201. But that is not all.

The State's evidence consisted in the main of the testimony of D. K. Lester, the victim, and Harry Thompson, Lester's companion and an eyewitness to the robbery. Both were Navajo Indians and Lester testified through an interpreter, whose interpretation of what Lester said was sometimes confusing, and Thompson's testimony at times was also garbled and difficult to comprehend. However, taking their testimony together, the written record reveals; (i) the lavatory where the robbery took place was small; appellant stood about two feet away from Lester while Wyrick held the victim facing the wall and took his money and an endorsed check; (ii) when Thompson came upon the scene, appellant had money and Lester's check in hand while Wyrick was still holding Lester; and (iii) appellant then "tried to go around after me [Thompson]." It is undisputed that Roberts later had possession of Lester's check and deposited it to his business account.

 In light of the recited testimony, we think the evidence is sufficient for a jury to find appellant guilty by reason of having acted in concert with Wyrick and aided and abetted the commission of the crime within the meaning of A.R.S. Section 13–139. To aid and abet means simply to assist in the commission of an act, either by an active participation in it or in some manner advising or encouraging it. See Hunter v. State, 47 Ariz. 244, 55 P.2d 310; Cline v. State, 21 Ariz. 554, 192 P. 1071. Of course, evidence relied on by appellant conflicts with what Lester and Thompson said, but the jury obviously accepted the testimony of Lester and Thompson. That testimony being not inherently incredible, the weight and credibility of the evidence are matters for the jury, whose decision on disputed facts is final. Antone v. State, 49 Ariz. 168, 65 P.2d 646.

 Moreover, in the light of all the testimony, it was not an abuse of discretion for the trial court to deny appellant's motion for a new trial. Again, if Lester and

Thompson are believed, the weight of their testimony is sufficient to carry a conviction of guilt beyond a reasonable doubt.

█ From what has been said, it is plain that the two challenged instructions—one defining robbery in the words of the statute and stated with reference to both defendants or either of them, and one informing the jury of A.R.S. Section 13–139, making one who aids and abets another in the commission of a crime a principal in the crime—were not inappropriate or improper. See State v. Butler, 82 Ariz. 25, 307 P.2d 916.

██ Finally, with respect to appellant's argument that it was error not to accord Roberts a separate trial because of Wyrick's prior conviction of felony, the granting of a separate trial is a discretionary function of trial courts requiring a fine attention to what is fair in each case and to the administration of justice generally. Rule 254 of the Rules of Criminal Procedure, 17 A. R.S. In the case at hand, we find no abuse of discretion in allowing the same jury to judge both defendants in light of the same evidence upon a single trial. See State v. Smith, 60 Ariz. 305, 135 P.2d 879, and United States v. Stracuzza, D.C. S.D.N.Y., 158 F.Supp. 522, 524.

The judgment is affirmed.

PHELPS, C. J., and STRUCKMEYER, UDALL and JOHNSON, JJ., concur.