399 P.2d 169

**STATE of Arizona, Appellee,**

**v.**

**Larry L. BARTON, Appellant.**

**No. 1376.**

Supreme Court of Arizona.

In Division.

Feb. 18, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell,

Former Asst. Atty. Gen., Phoenix, for appellee.

Patrick E. Eldridge, Ronald G. Cooley, Phoenix, for appellant.

LOCKWOOD, Chief Justice:

In an information filed in the Superior Court, County of Maricopa, State of Arizona, the defendant was charged with grand theft by false pretenses.[1] In effect the information charged as follows: that on or about October 9, 1962, the defendant knowingly and designingly defrauded Dean Donaldson of $300.00 by means of the false representation that the defendant owned personal property located at 7041 N. 15th Street, Phoenix, Arizona, which he agreed to sell to said Dean Donaldson.

A Mrs. Pototzka testified that she was the owner of the furniture and also the owner of the house in which the furniture was located. She had received a telephone call from the defendant who used the fictitious name of "Mr. Clark". He said he wished to rent the house. The defendant and a Mr. Conley met Mrs. Pototzka at the house and inspected it. She testified that the defendant "felt every piece of furniture in the house" and that the defendant, referring to Mr. Conley and himself, said "they wanted to rent the house together." About thirty minutes later the defendant telephoned Mrs. Pototzka and said "they would definitely take the house".

At four o'clock that afternoon, Conley arrived at Mrs. Pototzka's house and asked that the year's lease be made out in the name of Conley and his wife. Conley then gave Mrs. Pototzka a check in the amount of $420.00 for the first and last month's rent, "a bad check", and Mrs. Pototzka gave Mr. Conley the key to the house and a receipt.

The next day the defendant and Conley arrived at Mrs. Pototzka's house. They wanted the key to the storage room and Mrs. Pototzka testified that she "gave Mr. Clark the storeroom key." Conley said that his sixteen-month old son and wife had come in on the plane the night before and they wanted that storeroom to put toys in. Mrs. Pototzka answered that the storeroom was in poor condition with "paint and everything in there" and the defendant answered, "We have a bunch of workmen which will be glad to clean up the storeroom."

Clark or Conley contacted Donaldson who worked for Allied Auction as a buyer in the afternoon of October 9, 1962. Donaldson arrived at the house and Conley admitted him and introduced the defendant as Mr. Clark. Donaldson looked over the furniture and made an inventory. Conley

1. A.R.S. §§ 13-661, 13-663, and 13-664.

stated to Donaldson in the defendant's presence that both he and the defendant worked for Barton Contracting Company in St. Louis and that Conley's wife was in St. Louis and that he and the defendant had to go back there. Donaldson testified that he believed Conley's statement that the furniture belonged to Conley. The defendant was present when Conley signed a bill of sale and Donaldson gave Conley a check for $300.00 dated October 12th. Donaldson testified that the defendant was present when he gave this check to Conley.

The next time that Donaldson saw the check the date had been altered from October 12th to October 10th and it had been endorsed by Conley and by the defendant in his real name, Barton, and cashed in San Diego. On October 11th Donaldson sent his truck and workmen to the house and all the furniture in both the house and locked storeroom was picked up.

The trial was held before a jury on May 14, 1963. The jury found the defendant guilty, and he was sentenced to serve a term of not less than five nor more than ten years in the Arizona State Prison.

On this appeal the defendant claims that although it was shown that he was present during this transaction and although he may have known what was going on, there was no showing that he aided and abetted in this offense. He claims the trial court erred in failing to grant his motion for a directed verdict at the close of the state's case since there was no showing that the defendant committed the crime as charged or that he aided in defrauding Donaldson.

With this contention we disagree. In the light of the testimony we think the evidence is sufficient for a jury to find appellant guilty by reason of having aided and abetted in the commission of the crime.[2] State v. Roberts, 85 Ariz. 252, 336 P.2d 151 (1959). The defendant here participated in the criminal acts charged, from beginning to the end. He participated in gaining control of the furniture from the owner of the rented house. He received the key to the storeroom from the lessor. He was present when the deal was made with Donaldson to purchase the furniture and he was present when payment was made to Conley for the furniture. His endorsement appeared on the check which was cashed.

Judgment affirmed.

STRUCKMEYER, V. C. J., and UDALL, J., concur.

2. A.R.S. § 13–139: "All persons concerned in the commission of a crime whether it is a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, * * * are principals in any crime so committed."