EDDIE JAMES BOOKER *v.* THE STATE OF ARKANSAS

5331                                    427 S. W. 2d 177.

Opinion delivered April 29, 1968
[Rehearing denied May 27, 1968.]

*George Howard Jr.*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Eddie James Booker was convicted of robbery. He asserts error by the trial court (1) in denying his motion for severance, (2) failing to direct a verdict in his favor, and (3) refusing to grant a new trial on newly discovered evidence.

Three teenage boys, residents of Pine Bluff, were on their way to a basketball game. It was December and the hour was approximately 7:15 p.m. They were accosted on a street in Pine Bluff by two young men armed with a gun and a knife. (There was a third con-

federate but he was never identified.) Under threat of violence the teenagers were relieved of a watch, two coats, and one dollar. As each of the three victims left the scene, one by one, they heard shots coming in their direction. One of the victims, a recent high school graduate, testified he was able to see Booker's face and to note also that he wore a cap and a blue shirt. On the following morning the same boy also identified Booker at the jail. The other two victims could not identify Booker.

(1) *Denial of motion for severance.* The basis of the motion was that Booker was being tried jointly with a convicted felon who had been returned from the penitentiary for the trial. There is not an iota of evidence in the record that the jury had any knowledge of the co-defendant's status as a felon. They were charged jointly. Ark. Stat. Ann. § 43-1801 (Repl. 1964). There is no showing of abuse of the trial court's discretion and we do not disturb the ruling. *Nolan* v. *State*, 205 Ark. 103, 167 S. W. 2d 503 (1943).

(2) *Court's failure to direct a verdict.* The robbery was established and one of the three victims identified Booker. The latter testified he was not in the vicinity of the robbery. We hold the State's evidence was substantial and that it was for the jury to resolve the facts.

(3) *Court's refusal to grant a new trial on newly discovered evidence.* The motion was bottomed on the testimony of a witness who testified he was told by one Thomas Miller that Miller in fact committed the robbery with which Booker was charged. The testimony was conflicting; in fact, the State's evidence raised substantial doubt as to Miller's veracity. It would border on facetiousness to say that the trial court did not act in sound discretion.

To recount the testimony in detail would be of no

importance to the bench and bar; suffice it to say that the record has been carefully examined and we find no merit in appellant's contentions.

Affirmed.