381 So.2d 155 (1980)
Gary Wayne GRIFFIN
v.
STATE of Mississippi.
No. 51709.
Supreme Court of Mississippi.
March 5, 1980.
Rehearing Denied April 2, 1980.
*156 Mounger & Mounger, Breed O. Mounger, Sr., Tylertown, Casey & Casey, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, SUGG and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant, Gary Wayne Griffin, was indicted, tried and convicted of the crime of rape in the Circuit Court of the Second Judicial District of Jones County. The jury was unable to agree on punishment, resulting in the trial court sentencing appellant to serve a term of thirty years with the Mississippi Department of Corrections. In seeking a reversal of his conviction, appellant alleges the following errors:
1. & 2. The trial court erred in overruling appellant's motion for a directed verdict, and in refusing to grant his request for a peremptory instruction.
3. The trial court erred in granting state's instruction No. 3.
4. The verdict was vague and uncertain and the trial court erred in sentencing appellant based on such a verdict.
5. The prosecution failed to prove venue.
6. The trial court erred in overruling appellant's motion for a new trial.
The first two assignments of error contend that under the evidence presented to the jury the trial court should have sustained appellant's motion for a directed verdict of acquittal at the conclusion of the state's case in chief, and should have granted appellant's request for a peremptory instruction at the conclusion of all the evidence. It would serve no useful purpose to relate in this opinion a detailed summary of the evidence presented by the state as opposed to the contentions of appellant. The testimony of the prosecuting witness as supported by the other evidence is completely contradictory to appellant's version of what occurred at the apartment of the prosecuting witness early in the morning of *157 March 3, 1979. We do not sit as jurors. That fact-finding body, while being overseen by the trial court, has the constitutional duty to decide which witnesses are relating an accurate account of the occurrences giving rise to the trial. The jury had ample evidence to find that appellant forcibly entered the apartment and committed the crime of rape as defined by the applicable statute hereinafter discussed, after and while putting the prosecutrix in fear of great bodily harm, and, in fact, in fear of her life. Although appellant's version contradicts that fear, it is clear from a careful and painstaking study of the entire record that there was an abundance of evidence for the jury to find appellant guilty of the crime of rape as charged in the indictment. We cannot say, as contended by appellant's attorneys, that extraordinary circumstances existed which would require appellant to be given other chances without incarceration. The jury has spoken on the facts and the court was correct in overruling both the motion for a directed verdict and the motion for a peremptory instruction.
Appellant contends that the granting of the state's instruction "S-3" was reversible error. This instruction reads as follows:
The defendant, Gary Wayne Griffin, has been charged by an indictment with the crime of rape for having had unlawful sexual intercourse with ..., a female over the age of 12 years, by actual penetration of her private parts against her will by the use of force and threatening her with personal injury. If you find from the evidence in this case, beyond a reasonable doubt, that ... was a female over the age of 12 years, and that the defendant had sexual intercourse with her by actual penetration of her private parts without her consent, by using force and threating (sic) her life with a metal object, then you shall find the defendant guilty of rape. However, if the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty.
In reviewing this instruction, we do not invoke the well-known rule that this Court will not consider an instruction as reversibly erroneous if there is no objection thereto before the lower tribunal. No objection was made to this instruction; however, we consider it fully. It is evident that the instruction follows the charge in the indictment and this charge clearly was under Mississippi Code Annotated section 97-3-65(2) (1979). Appellant contends that reversible error was committed by including in the instruction a requirement that the jury find appellant's alleged actions were done while threatening the prosecutrix's life "with a metal object." In the first place, the testimony of the prosecutrix was clear that at the beginning of the actions for which appellant was indicted she felt "a metal object" by the side of her throat. This was described during her testimony regarding her fear for life or bodily injury. It appears that in telling the jury it should find the fear of the witness to be caused by "a metal object," the instruction placed a greater burden on the state than was required. In addition to this object allegedly causing fear, there was ample testimony for the jury to find this element of fear to have been present notwithstanding any mention of a metal object. Appellant cannot complain of an instruction that required the party requesting it to prove more than was necessary.
The verdict of the jury found the defendant "guilty of rape." Appellant complains that the handwritten verdict should have said, "guilty as charged," and because of this the verdict was not responsive to the charge in the indictment. An inspection of the indictment clearly shows it, as hereinbefore stated, to have been drawn under the provisions of Mississippi Code Annotated section 97-3-65(2) (1979). Although the indictment did not use the word "rape," it followed the part of the above numbered statute applicable to the charge as presented by the evidence. The statute includes a charge of forcibly ravishing a female of the age of twelve years or upward. It would not take a juror of extraordinary *158 intelligence to know that the appellant was being tried for "rape." It so found and did so under the specific charge in the indictment and the evidence relating to that charge. The words "forcibly ravish" in the statute are synonymous with "rape" according to terms used by laymen. Moreover, the word "rape" was used in the instructions without objection.
Appellant challenges the sufficiency of proof of venue. This indispensable part of a criminal trial may be proved by direct or circumstantial evidence. Sanders v. State, 286 So.2d 825 (Miss. 1973); State v. Fabian, 263 So.2d 773 (Miss. 1972), after remand, 284 So.2d 55 (Miss. 1973); Jackson v. State, 246 So.2d 553 (Miss. 1971).
The prosecuting witness testified that the rape took place at West Hill Apartments in her apartment B-6. Appellant also testified that his version of the occurrence was at that location. The police officers testified that they found the prosecuting witness at that location and that it was in the City of Laurel, Second Judicial District of Jones County, Mississippi. There is no merit to the challenge regarding the proof of venue.
In his assignment of error regarding the lower court overruling his motion for a new trial, appellant advances matters to which either there was no objection or that do not appear in the record. Appellant charges that the prosecuting attorney made certain improper and prejudicial remarks in his argument to the jury. It is elemental that we cannot take notice of this statement as it was not preserved for our review.
As hereinbefore stated, we have closely studied the record and allegations of error before us. We find no legal error in the record, and recognize that the jury determines questions of conflicting evidence. We can only apply legal principles to that evidence and we have done so here.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.