ROY NOBLE LEE, Presiding Justice,
for the Court:
Thomas Ray Walker was found guilty in the Circuit Court of Rankin County on a charge of armed robbery and was sentenced by the jury to life imprisonment in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns the following errors in the trial below:
I.THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II.THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT A PEREMPTORY JURY INSTRUCTION.
III.THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL.
All three assignments of error will be addressed together.
The evidence for the State reflects that on December 15, at approximately 12 p.m., a grocery store owned by Clyde Shivers on Highway 80 in the town of Pelahatchie, Mississippi, was robbed by a lone black male gunman, clad in a hunting vest, with a ski cap over his face, and wielding a .22-caliber handgun. Clyde Shivers and his daughters, Johnnie Taylor and Betty Taylor, were in the store when the robber demanded and received money at gunpoint. They gave a description of the robber but stated that he was not appellant. Ronnie Taylor, 18-year-old grandson of Clyde Shivers, witnessed the robbery from outside the store. He immediately left and summoned police, describing the robber to them. According to Ronnie Moore, butcher at the store, appellant entered the store approximately two hours before the robbery and left after purchasing two soft drinks. Appellant was wearing a camouflage jacket with a kind of camouflage hat and his hair was rolled in a pigtail.
When the robber left the store, Johnnie Taylor yelled and Moore went out the back entrance of the store where he got into his *1324 automobile and followed the robber. Moore observed the robber get into a 1973 Oldsmobile with license tag # SAW 964, and saw him lie down on the backseat. Moore followed the Oldsmobile and recognized that the driver’s hair was in a pigtail and identified him as appellant, whom he had seen in the store earlier. He pursued the automobile and, at one point, the driver turned around and looked back and Moore was able to fully recognize him as being appellant. The Oldsmobile entered Interstate 20 and proceeded east. The first exit east was Morton, Mississippi.
Moore abandoned the chase and reported the tag number and information he had obtained to the Chief of the Pelahatchie Police Department, Don Curtis. The chief telephone the Morton Police Department and talked with Assistant Chief Oliver McCrory, having received the name and address of appellant through a check of the license number. Assistant Chief McCrory knew appellant, and he went to appellant’s home where he parked and waited for appellant to return. Shortly, the Oldsmobile with the tag #SAW 964 drove into the drive at appellant’s home. Assistant Chief McCrory arrested him and asked where his buddy was. Appellant responded, “What buddy?” McCrory then approached appellant’s vehicle and found Corlis Earl Boyd, Jr. lying on the back floorboard. He arrested Boyd and ordered him to exit the automobile. When Boyd did so, a .22-cali-ber handgun fell on the ground. Chief McCrory searched the car and found the money bag from Clyde Shivers’ store under the front seat on the driver’s side, containing the stolen money.
Boyd entered a plea of guilty and testified on behalf of the State at the trial. According to him, Walker planned the robbery, furnished the gun and camouflaged coat and hat and went inside to case the store prior to the robbery. Boyd actually robbed the store and appellant supplied and drove the get-away car and took the money bag when Boyd got back into the car.
While in jail, Boyd wrote a note wherein he absolved appellant of involvement in the robbery. He then explained the reason for writing the note as being that appellant had threatened him and that he wrote it through fear. Appellant contends that this statement was inconsistent with the testimony of Boyd at the trial, and Boyd’s testimony should be disregarded. The jury was instructed that the testimony of Boyd, an accomplice, should be viewed with great care and caution and that the jury should give it such weight and credit as the jury deemed it was entitled. The evidence was overwhelming that appellant participated in the crime, viz, that he was present at or near the scene of the crime aiding and abetting in its commission. His guilt was clearly established as that of a principal in the commission of the crime.
There is no merit in the three contentions of appellant that (1) the verdict of the jury was contrary to the overwhelming weight of the evidence, (2) the trial court erred in failing to grant the appellant a peremptory instruction of not guilty, and (3) the lower court erred in failing to sustain appellant’s motion for a judgment notwithstanding the verdict. Gandy v. State, 438 So.2d 279 (Miss.1983); Anderson v. State, 397 So.2d 81 (Miss.1981); Griffin v. State, 381 So.2d 155 (Miss.1980); Grooms v. State, 357 So.2d 292 (Miss.1978); Noble v. State, 221 Miss. 339, 72 So.2d 687 (1954); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946). There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.