## JAMES W. CLARKE *v.* JOHN PIERCE.

INSTRUCTIONS.    *Time for asking.*    *Code* 1892, § 732.

> If a jury, after retiring to consider of their verdict, request additional instructions, either party may thereupon present to the court proper additional written instructions and ask that they be given, and it will be error to refuse them on the ground that they were too late.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Clarke, appellant, was plaintiff, and Pierce, appellee, defendant in the court below.    After the case had been submitted and the jury had retired to consider of their verdict, they requested

the court to further instruct them. The plaintiff thereupon presented to the court a written instruction, and asked that it should be given; the defendant objected to the jury being further instructed, and the court below refused the instruction asked by plaintiff, alone because it was asked after the jury had retired.

*W. T. Houston,* for appellant.

The court's refusal to instruct the jury as requested by it, and as requested in writing by appellant, as to whether Westmoreland was the agent of appellee in and about the making of the horse trade, and as to whether he had authority to warrant the soundness of the appellee's horse, which he traded to appellant, was error.

When appellant so requested this instruction, the court was in session, the jury and appellee were present. The appellee objected and the court refused the instruction alone, because asked too late.

That the instruction was not asked too late, see 11 Am. & Eng. Enc. Pl. & Pr., p. 283, *et seq.*

Nor is there any law in our state fixing the time after which instructions cannot be given. Of course, with us they must be requested in writing. That was done in this case. The case of *Taylor* v. *Manley,* 6 Smed. & M., 305, does not militate against appellant's contention. There the court was not in session, as it was in this case; the parties were not present, as they were in this case; the instruction was not asked as it was here; the instruction was not given in writing, as required by statute. Nor is the case of *Randolph* v. *Govan,* 14 Smed. & M., 10, against appellant. There the instruction seems not to have been in writing, nor to have been requested. Nor does it appear that the court was in session.

*F. V. Brahan,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

In respect to the right and duty of the court to give further instructions to the jury after they have retired, the principle is stated to be this in 2 Enc. Pl. & Prac., 283-285, inclusive: That the court may give the jury any instruction necessary to the accomplishment of justice in the case, at any time before the verdict is received, of its own motion; and, secondly, upon request of the jury; and, thirdly, that where the jury requests further instructions it is "not only the right, but the duty, of the court to reinstruct upon any question of law, arising from the facts proven, on which they say they are in doubt"; and, further, "that this practice is to be commended, since its results tend to a correct and rapid administration of justice"; and, lastly, it is there stated that by the weight of authority it is held that, although the court may have given further instructions at the request of the jury, it should also give additional instructions, by way of explanation or modification, if requested by one of the parties. In note 1 on page 283 of said volume the rule in Mississippi is set out. The cases of *Duncan* v. *State,* 49 Miss., 331; *Taylor* v. *Manley,* 6 Smed. & M., 305, and *Randolph* v. *Govan,* 14 Smed. & M., 9, are referred to. In *Duncan's Case* no request for instructions was made by either party, written or oral. In *Taylor* v. *Manley,* the court had adjourned for the day, and the judge, in the absence of both parties, and without their consent, at the request of the jury, gave them a charge. Under our practice, this was error, of course. In the case of *Randolph* v. *Govan,* there was no request by either party, but a request again by the jury. In our state, under Code 1892, section 732, the judge can only instruct the jury upon the principles of law applicable to the case at the request, in writing, of either party. Applying the principles which we have cited from the Encyclopædia of Pleading & Practice, the law in this state, under our practice, is that it is not only the right, but the duty, of the court, where the ends of

justice so require, to give the jury, at any time before the verdict is received, any further instructions, which correctly state the law, that may be requested by either party in writing. The principles which we have quoted apply fully in this state, provided only the condition prescribed by our statute be complied with; that is to say, provided the instructions be requested by either of the parties in writing. If so requested in writing by either party, and if the instructions be correct, the objection of the other party is immaterial. The court sits to give the jury the law as it really is, as applied to the facts of the case, and it is not within the power of either party, by objecting, to prevent the court from giving such further charges, if they be correct, and if they be requested in writing by the other side. The additional charge asked in this case, in writing, by the plaintiff, was correct, on the facts of the case, and the court erred in not granting it.

*Reversed and remanded.*