Goss *v.* State.

In Banc. Feb. 14, 1949.

(38 So. (2d) 700)

Berger & Callon, Walter D. Coleman, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Hall, J.**

Appellant was indicted for the crime of robbery and upon such indictment was convicted as an accessory and sentenced to a term of fifteen years in the penitentiary. From that conviction he has appealed to this Court.

Appellant contends that he was entitled to a directed verdict. We have very carefully read the entire record, and, in our opinion, █ the evidence was unquestion-

ably sufficient to go to the jury and to sustain the conviction. It shows, without dispute, that the appellant was employed as a "protector" by the operators of a gambling house about three miles North of the City of Natchez; that these operators were held up and robbed by one Swetman, at the point of a pistol, of approximately $8500 and some jewelry after the place had been closed for the night and while they were en route to their homes in Natchez; that appellant was with them at the time of the robbery and was himself relieved of his wallet; that while relieving the others of their cash and jewelry Swetman held his pistol on them, but when he finished with those and started to "frisk" appellant he put the pistol in his pocket; that prior to the robbery the appellant planned the same, carried Swetman to his home and furnished him with the pistol used in the holdup, then carried him to the gambling house and pointed out to him the car in which they would be riding when they left the place at closing time, and assured Swetman that none of them would be armed. The robbery occurred at about 1 A. M. on December 20, 1947.

Upon the convening of the Court on July 6, 1948, the Circuit Judge charged the jury as follows: "Gentlemen, it is hot and I did not intend calling the Grand Jury at this time, but there has been a series of outbreaks of crime in your community recently. I am going to therefore make only a short charge and want you to bring me these indictments by noon today. The District Attorney informs me that there will be some delays and we will thereby eliminate these delays." The appellant immediately moved to quash the Grand Jury and dismiss the panel, which motion was overruled. When the indictment was returned against appellant, he promptly moved the Court to quash the same, which motion was overruled, and these actions are assigned as error. In his argument of these assignments appellant contends that the Circuit Judge should have specifically charged the Grand Jury upon the law against the operation of

gambling bucket shops and the unlawful sale of intoxicating liquors, upon those laws relating to gambling with minors and the giving or selling of tobacco and liquors to minors, and that his failure to do so was prejudicial to appellant. The ultimate result of this complaint is that the Grand Jury should have indicted the victims of the robbery for operating a gambling house, with the implication not shown by the record that they were also selling intoxicating liquor, gambling with minors, and selling or giving tobacco and liquor to minors. The record here is silent as to whether these victims were or were not indicted.

The appellant cites several authorities dealing with prejudicial remarks made by the trial judge to or in the presence and hearing of the petit jury, but those authorities are clearly not in point because the complaint here is not against anything that the trial judge said but against what he left unsaid. Appellant also cites two cases dealing with prejudicial remarks made by the trial judge to the Grand Jury but for the same reason these are not in point, nor are they in anywise authority for appellant's contention here.

One of the cited cases is Blau v. State, 82 Miss. 514, 34 So. 153. In that case the Grand Jury had been in session for over two weeks, had examined scores of witnesses, had returned numerous indictments, and finally came in with its final report. The Circuit Judge refused to accept the final report, had the Grand Jury seated, and proceeded with a further charge to them solely upon the law with reference to dealing in cotton futures, expressed disappointment that they had not done their duty by indicting the parties so engaged, practically ordered them to find indictments, and sent them back to the jury room for further deliberation, as a result of which the Grand Jury then brought in an indictment against Blau. This Court held in that case that it will not undertake to control the discretion of the presiding judge in directing the attention of the Grand Jury to particular offenses, but

that under these facts the discretion had been abused to the prejudice of the defendant.

The other authority cited by appellant is Fuller v. State, 85 Miss. 199, 37 So. 749, wherein the Circuit Judge not only charged the Grand Jury with reference to the unlawful sale of intoxicating liquor, but even called the name of Charlie Fuller and asked the Grand Jury if they had ever heard of him. This Court held that it was an abuse of discretion for the presiding judge to call specific names to the attention of the Grand Jury.

██ ██ We are of the opinion that in the case at bar there was nothing prejudicial in the charge of the Circuit Judge. It cannot be implied that his reference to the *recent* crime wave in the community directed any undue attention to the particular single crime here in evidence, for it was committed nearly seven months prior thereto. Our holding, therefore, is that the appellant was not prejudiced by this charge. In so holding we are not to be understood as approving this type of charge to a Grand Jury. In this instance the Circuit Judge wholly disregarded the mandatory provisions of Section 1781 of the Mississippi Code of 1942, whereby he is required by law to specifically charge the Grand Jury on numerous criminal laws of the state, and his action is not to be commended, but, even so, the appellant was not thereby prejudiced.

██ ██ Appellant also complains that he was indicted as a principal but convicted upon evidence showing him to be only an accessory before the fact. A sufficient answer to this contention is found in Section 1995 of the Mississippi Code of 1942, which provides ''Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.''

The only other assignment of error which we deem necessary to mention in this opinion is that the trial court erred in granting two instructions to the state

after the argument of the case had commenced. No complaint is made against the contents of the instructions; the only complaint is that they should not have been given after the district attorney had commenced his opening argument. The record shows, without dispute, that the district attorney, at the conclusion of the evidence handed two instructions to the trial judge, which were granted, and stated that two others had been dictated and would be presented as soon as the stenographer completed typing them. The district attorney thought that counsel for the defense heard and understood this, as they were present in the courtroom. The defendant's attorneys testified that they did not hear the remark and did not know that more instructions were to be presented; in fact they did not know until the next day that the instructions had been granted. The trial judge, in order to conserve time, requested that the argument proceed, and no objection was made thereto. While the district attorney was making the opening argument the two instructions were brought to the courtroom and handed to the county attorney who handed them up to the judge. The judge read the instructions, marked them "Given" and they were handed to the circuit clerk and filed by him. All this occurred before the conclusion of the district attorney's opening argument. These two instructions were never read to the jury, and the record is silent as to whether the jury had them during their deliberation. Appellant relies on Montgomery v. State, 85 Miss. 330, 37 So. 835, 836. In that case an instruction was granted to the state, without the knowledge of defendant's counsel, at a time when he was making his argument to the jury on behalf of the defendant. The trial court did not interrupt the argument to advise defense counsel of the giving of this additional instruction, and its granting was not made known to defendant's counsel until the prosecuting attorney read it to the jury in the closing argument and told the jury that he had gotten it from the court to answer the argument of counsel for the defense.

This Court held that the instruction was erroneous and further held that: "The court may grant instructions at any time before the jury retires, but not secretly. Other counsel interested should know of it, even though they have to be stopped in argument. This is the proper practice, though, in a case where the charge was clearly right, and not so adroitly prepared as to possibly mislead the jury, we would not reverse for a deviation from it."

In Wood v. State, 64 Miss. 761, 775, 2 So. 247, 249, this Court said, "We find no fault with the action of the court in giving additional instructions for the state after the argument had proceeded." And in Clarke v. Pierce, 82 Miss. 462, 34 So. 4, it was held that if a jury, after retiring to consider of their verdict, requests additional instructions, either party may thereupon present to the Court proper additional written instructions and ask that they be given, and it will be error to refuse them on the ground that they were too late.

██ ██ The rule, therefore, is that there is no error in the granting of proper instructions, either during or after the close of the argument of a case, unless the instructions were granted secretly. In the case at bar we are unable to say that the instructions were granted secretly. The district attorney and the court apparently acted in good faith, there was no effort to slip behind the back of defense counsel in the granting of the instructions, the instructions state correct principles of law applicable to the case; they were not read to the jury or commented upon by the prosecution, and there is no showing here that they were ever in the hands of the jury. Under the facts here, the rule in the Montgomery case has no application.

Since we find no prejudicial error in the record, the judgment of the lower court is affirmed.

Affirmed.