Calvin FOREHAND, Petitioner,

v.

Walter FOGG, Superintendent, Respondent,

and

Robert Abrams, New York State Attorney General, Additional Respondent.

No. 79 Civ. 4163.

United States District Court, S. D. New York.

Nov. 11, 1980.

Calvin Forehand, petitioner pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City by Harriette G. Zelman, Deputy Asst. Atty. Gen., New York City, of counsel, for respondents.

MEMORANDUM AND ORDER

OWEN, District Judge.

Petitioner Calvin Forehand applies *pro se* for a writ of habeas corpus. By Memoran-

dum and Order dated November 16, 1979, petitioner's first, third and fourth claims for relief were dismissed, and the state was ordered to answer petitioner's second claim and to produce relevant portions of the record within sixty days. On January 23, 1980, the court extended the state's time to answer. On February 13, 1980, the state responded and submitted the record of the state court proceedings. On this record, it is now possible to assess petitioner's second claim.

Petitioner Forehand challenges the constitutionality of his conviction in New York Supreme Court, Bronx County, on March 11, 1977 on charges of robbery in the first and second degree. On December 7, 1978, the Appellate Division, First Department reversed the conviction as to robbery in the first degree and ordered a new trial on that count. However, the Appellate Division affirmed the conviction of robbery in the second degree. Petitioner thereafter entered a plea of guilty to the charge of robbery in the first degree.

In his second claim, petitioner alleges that the trial court erred in refusing to grant separate trials to petitioner and his codefendant William Knight. Specifically, Forehand argues that the introduction of his codefendant's inculpating confession at their joint trial effectively deprived petitioner of a fair trial by violating petitioner's sixth amendment right to confront and cross-examine an adverse witness under the rule of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). For the reasons stated hereafter, I disagree.

The scope of a defendant's sixth amendment right to confrontation is set forth in *Bruton*. The Supreme Court, in reversing Bruton's conviction, held that

> [d]espite the concededly clear instructions to the jury to disregard [the codefendant] Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-

examination. The effect is the same as if there had been no instruction at all. *Id.* at 137, 88 S.Ct. at 1628. The Court, by way of qualification, noted that "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id.* at 135, 88 S.Ct. at 1627.

■ Consistent with *Bruton*, the Court of Appeals in this circuit held that the admission into evidence of "the statements of a non-testifying codefendant are a violation of a defendant's sixth amendment right of confrontation if they are clearly inculpatory as to the defendant and vitally important to the government's case" against the defendant. *United States v. Knuckles*, 581 F.2d 305, 313 (2d Cir. 1978); *United States v. Wingate*, 520 F.2d 309, 313 (2d Cir. 1976). Moreover, the codefendant's confession standing alone must clearly inculpate defendant before the *Bruton* doctrine is applicable. 520 F.2d at 314. Where, as here, the codefendant's statement in its original form is inculpatory as to the defendant, the court may exercise discretion in admitting the statement if it can be done in effectively redacted form. *United States v. Mitchell*, 372 F.Supp. 1239, 1257 n. 29 (S.D.N.Y. 1973). *See also United States v. Knuckles, supra*, at 313. Effectively redacted statements, even though no longer inculpating a codefendant, may be accompanied by a cautionary instruction to the jury. Such an instruction need only be given, however, if it is specifically requested by the codefendant's counsel. *United States v. Fleming*, 594 F.2d 598, 605, 606 (7th Cir. 1979), and the failure to instruct the jury as requested is not ground for a reversal of the conviction unless it results in "basic and highly prejudical error." *United States v. Esquer*, 459 F.2d 431, 435 (7th Cir. 1972).

■ In the light of the foregoing, first, Knight's confession as introduced into evi-

dence [1] was neither inculpatory as to petitioner nor important to the government's case against petitioner. *See United States v. Knuckles*, 581 F.2d at 313; *United States v. Wingate*, 520 F.2d at 313. Knight's statement in its original form did not mention petitioner or any other participant by name, but did contain a potentially inculpatory reference to Knight's "codefendant." Trial Transcript, pp. 310–314. However, the trial court properly exercised its discretion in admitting into evidence an effectively redacted version of Knight's statement in which there were no references to petitioner. Trial Transcript, p. 182. The trial judge reviewed the redacted statement prior to its admission into evidence and permitted the jury to hear only the redacted version. In this way, the court avoided any potential prejudice to petitioner's defense, *see United States v. Warme*, 572 F.2d 57, 61 (2d Cir. 1978), and insured that Knight's statements were not "clearly inculpatory."

Second, since Knight's redacted statement was not inculpatory as to petitioner, it could not have been "vitally important" to the government's case against petitioner. Since the importance of any piece of evidence can only be assessed in context, it is important to note that the jury had before it both petitioner's own confession and the inculpatory testimony of an eye witness to the robbery. Trial Transcript 48–63. *See United States v. Knuckles*, 581 F.2d at 313.

Since Knight's redacted statement was neither inculpatory as to petitioner nor important to the case against him, the trial court did not err either by denying petitioner's motion for severance of his trial or by admitting Knight's redacted confession into evidence.

■ Even were the foregoing not dispositive, I note that petitioner's second claim must be dismissed under another exception to the *Bruton* rule. As the Supreme Court has explained in *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1978), the *Bruton* rule does not apply where codefendants have made "interlocking confessions," the Court explaining that "[the] possible prejudice resulting from the failure of the jury to follow the trial court's instruction is not so 'devastating' or 'vital' to the confessing defendant to require departure from the general rule allowing admission of evidence with limiting instructions." *Id.* at 74, 75, 99 S.Ct. at 2140. Moreover, confessions need not be "maternal twins" to be interlocking, *United States ex rel. Stanbridge v. Zelker*, 514 F.2d 45, 48 (2d Cir. 1975); rather "[i]t is sufficient if the two confessions are substantially the same and consistent on the major elements of the crime involved." *Id.* at 49. Thus, interlocking confessions may cover different facts, and may even contain considerable discrepancies as to the time that the crime was committed. It is enough that as regard to "motive, plot, and execution of the crimes they are *essentially the same.*" *United States ex rel. Ortiz v. Fritz*, 476 F.2d 37, 39 (2d Cir. 1974) (emphasis added).

■ The confessions before me fall squarely within this exception to *Bruton*. *United States ex rel. Duff v. Zelker*, 452

---

1. Relevant portions of Knight's redacted statement are quoted from the Trial Transcript, pp. 310 314:

Q. What is your involvement in the robbery?
A. I was with two other persons.
Q. What were you carrying?
A. My pistol was concealed. Nobody seen it.
Q. What kind of pistol was it?
A. 38.
Q. Do you know what the others had?
A. One shotgun, another .38, a nine–millimeter .38.
Q. Where did you go when you walked into the Finast Supermarket?

A. Over by the meat thing . . YO
Q. You were with somebody else at the time.
A. Two others. One of them went to the door and produced a shotgun. The other walked to the manager and produced a gun and told him to open up . .
Q. There is another man in the car waiting?
A. Yes.
Q. Who drove the car?
A. The car was driven away by a better driver . . . .
Q. Of the three guys besides yourself two came in the store with you, right?
A. Right . . . .

F.2d 1009 (2d Cir. 1971) also closely parallels this case. In *Duff* the codefendants both confessed, and, although their confessions differed in certain respects, their confessions were nevertheless found to be "interlocking." For example, while Duff asserted that he walked away from the liquor store, his codefendant's statement specifically identified Duff as having "walked toward the liquor store, and returned to the car after the attempt had been perpetrated." *Id.* at 1010. In spite of these differences, the *Duff* court concluded that "... the statements [of Duff's codefendants] were similar to Duff's own confessions which placed him at the scene with a fair implication of knowing participation. When the defendant's 'confession interlocks with and supports the confession of' the codefendant there is no violation of the *Bruton* rule." 452 F.2d at 1010 (citations omitted).

Here, petitioner's confession as admitted into evidence differs from Knight's statement in the same way that Duff's confession differed from that of his codefendants.[2] Petitioner admitted, as did Duff, being at the scene of the crime, but denied entering the supermarket. In his confession, Forehand asserted that he remained outside with the "get–away" car in order to change the license plates, while two others entered the store, and a fourth individual remained outside as a "lookout." By contrast, Knight's statement indicated that he and two other individuals entered the store while a fourth person remained in the car. Thus, although Forehand's confession differs from Knight's, their confessions are still "interlocking" within the meaning of *Bruton* and its progeny.

In conclusion, now finding petitioner's second claim to be also without merit, the

entire application for a writ of habeas corpus is dismissed. A certificate of probable cause, 28 U.S.C. § 2253, will not issue since there are no questions of substance on which the Court of Appeals should rule. Furthermore, this court certifies that any purported appeal in forma pauperis from this order is not taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962); *United States v. Visconti*, 261 F.2d 215, 218 (2d Cir. 1958), *cert. denied*, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

The foregoing is so ordered.

---

**2.** Petitioner's redacted statement was introduced into evidence as follows:

The defendant Calvin Forehand stated to me he went up to the supermarket with three other persons. He stated he stayed with the car and was supposed to change the plates but the other guys came back so fast I didn't have time to change the plates. Two of the individuals went into the supermarket. One stayed outside the supermarket as a lookout. When all three came back to the car one then drove back to his apartment in the Bronx and they split the money. I meaning Calvin Forehand, got about $1,300 in U.S. currency. He used a car belonging to one of the others that was involved in the robbery.

Trial Transcript, p. 201. Compare petitioner's statement to Knight's statement, which is quoted above. *See* note 1 *supra*. Both statements were found to be voluntary in a Huntley hearing. See Huntley Hearing Transcript.