**Rodney Madson MASTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–540.**

Court of Criminal Appeals of Oklahoma.

June 25, 1985.

---

Jim Bland, Gotcher, Brown & Bland, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Rodney Madson Master, also known as William Wallace Troxell, was convicted in the District Court of Comanche County, Case No. CRF–82–812, of Murder in the First Degree for which he received a sentence of life imprisonment and he appeals.

Briefly stated, the facts are that on October 20, 1982, the·appellant and Cornel Cooks, the co-defendant, broke into eighty-seven-year-old Jennie Ridling's mobile home some time after midnight. Discovering Ms. Ridling in her bedroom, Cooks struggled with her and sent the appellant to "get a towel or something to keep her from yelling." After returning with a towel which was too short, and failing the second time to find a longer one, the appellant held Ms. Ridling while Cooks searched for a gag. He returned with a strip of material torn off a curtain. After striking her in the head with his fist in order to force her to stop struggling, Cooks wrapped part of the curtain around her eyes and tied knots in it. In his second written statement, appellant stated that he held her head while Cooks wrapped the

material around her face, contradicting his testimony during the trial where he stated that he left the room after Cooks returned with the material. The material was also placed tightly over her mouth. Cooks admitted in his statement that he later raped Ms. Ridling. The appellant and Cooks took several items and some cash and then left the trailer. Dr. Robert Dix, who performed the autopsy on Ms. Ridling, testified that she died of suffocation.

## I

■ For his first assignment of error, the appellant alleges that the trial court erred in refusing to grant his motion for severance. The granting or denying of such a motion is discretionary with the trial court and its ruling will not be disturbed on appeal, absent a clear showing of abuse of discretion resulting in prejudice. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978). Citing *Murray v. State*, 528 P.2d 739 (Okl.Cr. 1974), the appellant argues that he was prejudiced because the defenses of the appellant and co-defendant were inconsistent, pitting them against each other; and citing *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), he argues that he was further prejudiced by the admission into evidence of his co-defendant's confession which he alleges violated his right to confront the witnesses against him.

■ The appellant argues that the defenses were inconsistent because the out-of-court statements were in conflict with each other, the in-court testimony of the appellant conflicted with the co-defendant's out-of-court statements (the basic position of each was that the other was responsible for the actual application of the death producing gag), that there were a great number of objections at trial by one defense counsel against the other, and finally, during closing arguments accusatory remarks were made in attempts to show Cooks should have greater responsibility. The holding of *Murray*, supra, is that where the respective defenses of two defendants are mutually antagonistic in that the testimony and confession of each exculpated himself and inculpated the other, the effect of trying both together would be to try each on the confession of the other and serves to deny those defendants a fair trial. Therefore, the issue before us is not whether there are disagreements between defendants concerning the facts, nor whether one or the other should bear a greater responsibility for the crime, but whether the defenses are antagonistic in that each defendant is attempting to exculpate himself and inculpate his co-defendant. We find that these defenses were not antagonistic. The defendants were charged with first degree murder under the felony murder statute because the victim died as the result of acts committed to further the commission of two felonies: forcible rape, and first degree burglary (21 O.S.Supp. 1984, § 701.7(B), 21 O.S.1981, § 1114, and 21 O.S.1981, § 1431). Their statements are consistent in showing that both the appellant and the co-defendant broke into the dwelling house of the victim while she was there, that the victim was gagged to prevent her from summoning help, that the co-defendant raped her, that they carried away cash and personal property belonging to the victim, and that as a result of being gagged, she suffocated. An examination of the statements of both defendants and the testimony of the appellant clearly shows that each inculpated himself of felony murder. Determining who actually tied the gag is immaterial to the issue of guilt.

■ Nor was the appellant prejudiced by the acceptance into evidence of the co-defendant's confession which he alleges violated his right to confront the witnesses against him. The Supreme Court of the United States held in a plurality opinion in the case of *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979) that the admission of interlocking confessions of nontestifying co-defendants with proper limiting instructions conforms to the requirements of the Sixth and Fourteenth Amendments to the United States Constitution. Although the Supreme Court did not define the term "interlocking confession"

the court cited decisions of the Court of Appeals for the Second Circuit which do describe the elements of the term. A more recent opinion of a district court of that circuit summarized those elements stating:

[C]onfessions need not be "material twins" to be interlocking, *United States ex rel. Stanbridge v. Zelker*, 514 F.2d 45, 48 (2d.Cir.1975); rather '[i]t is sufficient if the two confessions are substantially the same and consistent on the major elements of the crime involved.' Id. at 49. Thus, interlocking confessions may cover different facts, and may even contain considerable discrepancies as to the time that the crime was committed. It is enough that as regard to 'motive, plot, and execution of the crimes they are *essentially the same.'* *United States ex rel. Ortiz v. Fritz*, 476 F.2d 37, 39 (2d Cir.1973) (emphasis added).

*Forehand v. Fogg*, 500 F.Supp. 851, 853 (S.D.N.Y.1980). As the previously described statements of the appellant and co-defendant are essentially the same in describing the motive, plot, and execution of the crimes and since the jury was given a proper limiting instruction from the Oklahoma Uniform Jury Instructions, OUJI–CR 817 (O.R.354), we find that there was no violation of the appellant's constitutional rights under *Bruton*, supra. This assignment of error is without merit.

## II

■ As his second assignment of error, the appellant alleges that the trial court erred in refusing to allow him nine peremptory jury challenges. The law is clear that where two defendants are tried jointly, they shall join in their challenges unless they have inconsistent defenses (22 O.S. 1981, § 655). As we have found no substantial inconsistencies, the trial court properly overruled the motion to allow each defendant nine separate challenges. This assignment of error is without merit.

## III

As a third assignment of error, the appellant complains that the admission of four black and white photographs of the victim's body was error because the prejudicial effect of the photographs outweighed their probative value. The photographs, each shot from a different angle, show the wrappings around the victim's face, the position of the body which is nude from the waist down, a towel and various articles of clothing lying on the bed next to her, and the body in relation to various items scattered about the bedroom.

In *Oxendine v. State*, 335 P.2d 940 (Okl. Cr.1958), this Court adopted the test first formulated by the California Supreme Court in the case of *People v. Carter*, 48 Cal.2d 737, 312 P.2d 665 (1957), wherein the Court stated:

'If the principal effect of demonstrative evidence such as photographs is to arouse the passion of the jury and inflame them against the defendant because of the horror of the crime, the evidence must of course, be excluded.

\* \* \* \* \* \*

On the other hand, if the evidence has probative value with respect to a fact in issue that outweighs the danger of prejudice to the defendant, the evidence is admissible even if it is gruesome and may incidently arouse the passions of the jury.'

■ Introduction of photographs taken subsequent to a homicide is largely within the discretion of the trial court, and unless this discretion is abused it will not be cause for reversal. *Bias v. State*, 561 P.2d 523 (Okl.Cr.1977), cert. den., 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300 (1977). These photographs corroborate the testimony of the witnesses, the confessions of the appellant and co-defendant, and were not gruesome. We therefore find that their probative value outweighs the danger of prejudice to the appellant. Therefore, this assignment of error is also without merit.

## IV

■ As his fourth assignment of error, the appellant argues that refusing to allow him to be present during an in-cam-

era hearing concerning the admissibility of the co-defendant's confession was error. We must first observe that appellant made no objection to his exclusion from the hearing and therefore has waived any error on appeal. *Mills v. State*, 594 P.2d 374 (Okl. Cr.1979), *Sallee v. State*, 544 P.2d 902 (Okl. Cr.1976). Second, he has not shown prejudice because the sole purpose of that hearing was to ascertain that the constitutional rights of his co-defendant had been preserved. A defendant has no standing to object to the admission into evidence of a co-defendant's self-incriminating statement because the Fifth Amendment rights protected by the *Miranda* decision are personal in nature and may not be vicariously asserted. *Plummer v. State*, 515 P.2d 256 (Okl.Cr.1973). This assignment of error is meritless.

### V

■■■ The appellant alleges as a fifth assignment of error that one of the State's witnesses, a detective, injected an evidentiary harpoon. The comment of which the appellant complains was in response to the question by the prosecutor, "What did you do next?" To which he replied, "Well, I went to the station, and in the previous months I had been working on a, guess you'd call it a burglary ring." The Court sustained an objection, and cautioned "not to harpoon them." Because the evidence was overwhelming, and the sentence was the minimum allowable under the statute, we find that the appellant was not prejudiced by the remark and that this assignment of error also lacks merit. *Breshers v. State*, 572 P.2d 561 (Okl.Cr.1977).

### VI

The appellant, for a sixth assignment of error, argues that failing to allow him to testify concerning a conversation he had with the investigating officer during the taking of his second statement was error. A review of the record shows that the appellant's attorney, during cross-examination of the officer, was attempting to establish that the officer made misrepresenta-

tions in order to obtain a second statement from the appellant, that there had been an argument, and that there were discrepancies between what the appellant told the officer and what the signed statement showed. The officer denied all of these allegations. On direct examination of the appellant, his attorney attempted to elicit testimony concerning the conversation which took place between the officer and the appellant, such question drew an objection from the prosecutor on the grounds of hearsay, and was sustained by the court. Counsel stated that he wished to make an offer of proof, which the court permitted, but instead of relating what he expected the testimony, if allowed, would show, he argued the law concerning hearsay. Whether or not the exclusion was error, is not properly preserved as 12 O.S.1981, § 2104(A)(2) of the evidence code provides that:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

> If the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

■■■ Because the appellant failed to make an offer as to what the excluded testimony would have shown, this Court cannot intelligently rule upon this question as we do not know the substance of the testimony, and in absence of an offer of proof dictated into the record, we would have to speculate. *Skinner v. State*, 439 P.2d 962 (Okl.Cr.1968). Accordingly, this assignment of error is without merit.

### VII

■■■ As his seventh assignment of error, the appellant alleges an improper comment by the prosecutor during her closing argument. She stated: "What in the world was it like when that 87-year-old lady was lying there, in her bed, late at night, in her home, when two people broke into her home—," and at that point she was inter-

rupted by an objection that she was appealing to passion and prejudice which the trial court sustained. The judge admonished the jury to disregard any argument based upon the prosecutor's theory of what the victim may have been thinking at the time. The court's admonition to the jury to not consider the remarks of counsel usually cures an error unless it is of such a nature that after considering the evidence that the error appears to have determined the verdict. *Holdge v. State*, 586 P.2d 744 (Okl. Cr.1978). Considering the overwhelming evidence of guilt we cannot say that the remark was so prejudicial as to have determined the verdict, and therefore this error was cured by the judge's admonition.

## VIII

For his eighth assignment of error, the appellant alleges that the trial court erred in interrupting defense counsel's closing argument and giving supplemental instructions over appellant's objections. Although the fifth amended information (which was the final one) made a case for felony murder, and the evidence in the case overwhelmingly established a felony murder, the trial court included jury instructions on murder with malice aforethought, listing its elements and giving a definition, as well as instructions on felony murder. During the appellant's closing argument, as his counsel was arguing that the jury should consider second degree murder because there was no premeditation or deliberate intention to kill anyone, the judge interrupted, called the attorneys to his chambers, and stated that he feared the instructions were misleading in the form they were given as it was not clear which instructions applied to felony murder, and which applied to murder with malice aforethought. To correct this error, the court gave these clarifying instructions:

I have two additional instructions to read to you that perhaps will have a clarifying effect. Instruction No. 17A. You are instructed that instruction numbers 18, 19, and 20 apply to paragraph (a) of the statute recited as Instruction 16.

Instruction 20A. You're instructed that instruction numbers 21, 22, 23, 24, 25, and 26 apply to paragraph (b) of the statute quoted in Instruction No. 16. (Tr. 760).

Although defense counsel objected to the timing of the instructions, he could not show to the court how either he or his co-defendant could be prejudiced by these additional instructions. An examination of the record clearly reveals that the closing argument of defense counsel was misleading, and the trial court properly interrupted counsel to clarify the law.

Appellant further argues that our statutes forbid an interruption during closing argument, citing 22 O.S.1981, § 831(6) for the proposition that additional instructions to clarify the law must be presented after arguments are concluded. However, such is not the intention of this statute as its purpose is to encourage the court to further instruct should such appear to be appropriate. Just as the law imposes a *sua sponte* obligation to instruct on the principles of law which apply to the case before the court, so does it impose on the judge a duty to reinstruct on a point if it becomes apparent that counsel in the course of argument may have confused the jury on the law. *People v. Valenzuela*, 76 Cal.App.3d 218, 142 Cal.Rptr. 655 (1977), see also, *Goss v. State*, 205 Miss. 177, 38 So.2d 700 (1949). Such reinstruction should normally come at the conclusion of argument, but in appropriate cases, as the case before us, the court may choose to interrupt the argument to clarify the law. Having found that the trial court properly interrupted defense counsel, this assignment of error is without merit.

## IX

Finally, in his conclusion, the appellant argues that even if no single assignment of error was sufficient to justify reversal of appellant's conviction, the cumulative error is sufficient to justify reversal or modification of his sentence. This Court has consistently held that where there is no individual error, there can be no error by

accumulation. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). Therefore, this assignment of error is also without merit.

The judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.