Steven Michael OMAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–144.

Court of Criminal Appeals of Oklahoma.

April 4, 1988.

D.D. Hayes, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Chief, Criminal Div., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Steven Michael Oman, was convicted in the District Court of Mus-kogee County, Case No. CRF–85–245, of Burglary in the Second Degree, and received a sentence of two years' imprisonment. He appeals raising four assignments of error.

About 9:40 a.m. on May 17, 1985, Donna Wright was driving past the home of an acquaintance, Marilyn Hearon, in Muskogee, when she noticed an unfamiliar man in the front yard of the residence. The man, whom she later positively identified as the appellant, was behaving strangely, so she slowed down as she passed, and stopped a short distance away to observe him. At the time she stopped, he was just across the street from her, but after between two and four minutes, he walked back to the garage of the Hearons' home. Ms. Wright went to a telephone and called Ms. Hearon who left work with her granddaughter to inspect her residence. Once inside she encountered appellant's co-defendant, Ted Maplethorpe, who ran from the house. She positively identified the co-defendant at the trial.

Appellant testified and denied that he was at the Hearon home that day except after his arrest when he and his co-defendant were taken there for a show-up. There the two witnesses independently identified the person each had observed.

We shall first address the appellant's assertion that his trial counsel was ineffective. As the issues raised under this assignment of error include issues raised in two other assignments of error, we shall address them together. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) holds that a defendant must show two things before he has demonstrated that his trial counsel was ineffective: first, that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense. The appellant claims that defense counsel was deficient through his failure to object to the reception of evidence stemming from an alleged illegal arrest and a show-up which he alleges tainted his identification by witnesses in court.

█ We first find that the arrest was lawful. The facts reveal that the appellant

and his accomplice were stopped by the police on two occasions. On the first occasion Officer Stone, shortly after the burglary occurred, was searching the area for two black males in a small, blue foreign car which had been seen leaving the area after the burglary. Stone observed the appellant and Ted Maplethorpe in a blue Datsun, and he stopped them. After he called in the license tag number, he got out of his patrol car and spoke with the appellant. According to the appellant's testimony, he voluntarily gave Officer Stone one of his business cards and told Stone that he was in the tree trimming business and that was what he was doing in the area. Officer Stone observed that the appellant and Maplethorpe were white men and told them that they were not the people he wanted, apologized, and let them go. This Court stated in *Castellano v. State*, 585 P.2d 361, 365 (Okl.Cr.1978) that:

> If an officer is momentarily detaining a person in order to make inquiry so as to determine his identity and obtain more information, and is in no way attempting to restrain him of his liberty or take him into custody, then the stop does not constitute an arrest but, rather, is an investigatory detention.

*See also Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). The record clearly reveals that the stop in the case at bar was only momentary, and that once Officer Stone learned that the occupants of the vehicle were white, he had no intention to restrain their freedom.

■ The second time the appellant was stopped he and Maplethorpe were arrested. The test of whether a police officer has probable cause to make a warrantless arrest is whether, at the moment the arrest was made, the facts and circumstances, within his knowledge, and of which he had reasonable trustworthy information, were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. *Backus v. State*, 635 P.2d 1021 (Okl.Cr.1981).

*Klinekole v. State*, 705 P.2d 179, 183 (Okl. Cr.1985). The State correctly lists the information police officers had available to them at the time of the arrest: the description given by Ms. Hearon of a dark complected burglar; the information given only moments after the burglary by a neighbor of Ms. Hearon concerning a blue car leaving the scene; the information and descriptions obtained by Officer Stone in his investigatory stop of the appellant and Maplethorpe; Ms. Hearon's clarification of identification, which made the men Stone stopped suspects again; and the fact that a .357 magnum gun was missing, which made acting quickly important so that the perpetrators would not dispose of the gun.[1] Furthermore, when Officer Simmons searched the appellant's car for the missing gun, he detected the same odor which he had smelled in Ms. Hearon's house and which she had called to his attention. As the arresting officers had sufficient trustworthy information to warrant a prudent man in believing that the arrestees had committed the offense and that quick action was necessary to recover the missing gun, the warrantless arrest was valid.

Because the arrest was valid, defense counsel obviously did not believe it was necessary to raise this issue during trial, and therefore we cannot say that his performance was deficient.

We also note that a copy of the preliminary hearing transcript was not made a part of the record, and so we are unable to determine if this issue was raised at preliminary hearing. Even if it was not, we could not say that counsel's performance was deficient for the reasons stated above.

■ Appellant also raises the failure of defense counsel to object to the two man show-up at the scene of the crime three hours afterward. As we have no copy of the preliminary hearing we have no way of knowing if defense counsel raised this issue at that time. If he did, he may have determined that the issue need not be addressed again, or he may have been satisfied that the in-court identification of the appellant and his accomplice was based on

---

1. The gun was not recovered.

such strong evidence independent of the show-up that raising the issue again would be a futile action.

> Improper suggestiveness in a confrontation does not conclusively indicate ... that the subsequent in-court identification was unreliable, thereby requiring exclusion of the testimony at trial. *McDaniel v. State,* Okl.Cr., 576 P.2d 307 (1978). The question to be asked is whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

*Hays v. State,* 617 P.2d 223 (Okl.Cr.1980). Again appellant has failed to meet his burden of showing defense counsel's performance was deficient.

 The appellant's final assignment of error contends that the trial court erred in restricting defense counsel's cross-examination of Donna Lee Wright. The record reveals that the witness was examined and cross-examined on a Friday. On the next Monday, she was recalled to the witness stand. After a brief direct examination (two pages of transcript), and a comparatively long cross-examination (eleven pages of transcript), the prosecutor objected when defense counsel began to examine over the same issues of identification which he had asked the witness on Friday. The trial court agreed that the line of questions was repetitious and sustained the objection. The extent of cross-examination is left to the sound discretion of the trial court, and we will not reverse the case unless that discretion is clearly abused. *Hall v. State,* 698 P.2d 33 (Okl.Cr.1985). We find no abuse of discretion in the trial court's decision.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.