**Ted MAPLETHORPE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-86-145.**

Court of Criminal Appeals of Oklahoma.

April 5, 1988.

Lloyd Payton, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Ted Maplethorpe, was convicted in the District Court of Muskogee County, Case No. CRF-85-245, of Burglary in the Second Degree After Former Conviction of a Felony, and received a sentence of ten years' imprisonment. He appeals raising four assignments of error.

The appellant was tried jointly with Steven Michael Oman, and the facts of this case may be found in the opinion on his separate appeal, *Oman v. State*, 753 P.2d 374 (Okl.Cr.1988). Three of the appellant's assignments of error are identical to those raised in his codefendant's appeal. As they have been decided, we need not address them again.

In the only assignment of error not addressed, the appellant alleges that he was denied a fair trial as a result of numerous and cumulative errors occurring at trial. He then lists seven subpropositions as error, three of which he made separate assignments of error, and which we have previously addressed. *See Oman.*

Three of the subpropositions concern the admission of evidence and testimony. The appellant complains first, that a detective was allowed to testify concerning the difficulty of obtaining readable fingerprints; and second, that the trial judge erred in allowing the State to recall three witnesses. Third, the appellant complains that the trial court erred in allowing the State to enter an exhibit which would tend to discredit appellant's wife who stated that the police

came to search her home at about 2:00 p.m., when the exhibit, a waiver of search warrant, shows that they arrived at 1:15 p.m. Both the introduction or refusal of evidence, and the admission of testimony are matters within the trial court's discretion whose ruling will not be disturbed on review without a clear showing of abuse resulting in prejudice to the defendant. *Camp v. State*, 664 P.2d 1052 (Okl.Cr. 1983). The appellant has failed to show how the trial court abused its discretion in the case at bar. Even without the evidence of which the appellant complains, the evidence presented was sufficient to support a conviction, and we are convinced that the jury would have returned the same verdict.

In his last subproposition, the appellant argues that the trial court erred in denying his motion to excuse Juror Webster who reported that over the weekend a blue car had driven up to his mother's house, which he lives behind in a trailer, and the car shined a spotlight in the area. There had been testimony that Oman and the appellant were stopped in a blue car. He testified, in an in camera hearing, that he believed he should report this incident to the court. He was carefully questioned by the judge about whether this would prejudice him toward the appellants. He assured the court that it would not. The court informed him that Oman's blue Datsun did not have a spotlight on it. He also asked Webster if he believed that the defendants went down there. Webster stated that his mother believed the car belonged to a police officer, and Webster also stated that it could have been his ex-wife, or Leland Johnson, a deputy sheriff who drives a blue car. The judge informed counsel before the hearing that Mr. Webster was just following instructions the court had given to inform the court if anyone attempted to bother the jurors. After reviewing the transcript, we find that the trial court did not abuse its discretion in allowing Juror Webster to remain on the jury.

This Court has consistently held that where there is no individual error, there can be no error by accumulation. *Master v. State*, 702 P.2d 375 (Okl.Cr.1985). Because we have not found error in any of the subpropositions, the appellant's assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.